IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WARREN R. ROUTON,                                                      PLAINTIFF


v.                              Case No. 4:07-cv-4014


MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                         DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Warren Routon, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying his claim for a period of disability and supplemental security income (SSI) benefits under

the provisions of Title XVI of the Social Security Act (Act). The parties have consented to the

jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings. (Doc. No. 4).[2] Pursuant to this authority, the Court issues this memorandum opinion

and orders the entry of a final judgment in this matter.

### 1. Procedural Background:

Plaintiff protectively filed for SSI on March 22, 2004 alleging disability due to degenerative

disc disease and carpel tunnel syndrome. (Tr. 85). Plaintiff's applications were denied initially and

on reconsideration. (Tr. 35-38, 47-49, 52-54). Pursuant to Plaintiff's request, an Administrative

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

Law Judge (ALJ) held a hearing on April 13, 2006.  Plaintiff, represented by attorney Charles Barnette, appeared and testified at the hearing, along with Plaintiff's friend Welton Watson and vocational expert (VE) Diane Smith.  (Tr. 526-548).  On August 24, 2006, the ALJ issued an unfavorable decision.  (Tr. 15-22).  The ALJ's decision became the final decision of the Commissioner when the Appeals Council concluded that no basis existed for review of the ALJ's decision.  (Tr. 7-9).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160

2

F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.  Discussion:**

The Plaintiff appealed the decision of the Commissioner finding him not disabled. He claims substantial evidence does not support the ALJ's finding that when limitations of drug and alcohol

are removed, Plaintiff retains the RFC to perform unskilled light work; substantial evidence does not support the ALJ finding Plaintiff's alcohol and drug dependence a factor material to the finding of disability; and the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984).   The Defendant argues the ALJ properly evaluated Plaintiff's RFC; the ALJ properly determined Plaintiff's drug and alcohol dependence was a factor material to the finding of disability; and the ALJ properly applied the factors of *Polaski*.

### A. Residual Functional Capacity

Prior to Step 4 of the sequential analysis, the ALJ is required to determine the claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'"  *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (*quoting Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents to support his or her claimed RFC.  *See Cox*, 160 F.3d at 1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Once the Plaintiff meets that burden, the ALJ bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  The ALJ clearly also has the duty to develop the record, fully and

fairly, even where a claimant is represented by counsel. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). The ALJ is responsible for developing the record because the social security hearings are non-adversarial. *Id.* Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

Plaintiff has had a history of alcoholism and drug abuse with numerous records making reference to Plaintiff's abuse of alcohol and prescription drugs, including instances where Plaintiff arrived at a treatment facility intoxicated. (Tr. 216, 227, 242, 260, 284, 334, 451, 456, 462, 512). Medical records from Southwest Arkansas Counseling and Mental Health Center dated March 4, 2002 indicate Plaintiff had long term problems with alcohol and drugs. (Tr. 471).

C. Yates Morgan, Ph.D., performed a consultative mental status examination and an adaptive functioning evaluation of Plaintiff on August 12, 2004. (Tr. 283-286). Dr. Morgan indicated Plaintiff had been arrested six times for driving while intoxicated and once for manufacturing cannabis. Plaintiff reported he did not currently have a driver's license. Plaintiff also indicated he had been treated in drug and alcohol rehabilitation approximately seven or eight times. Dr. Morgan also noted Plaintiff described a history which included noncompliance with treatment. *See Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004) (failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits).

On March 3, 2005, Plaintiff was treated at Wadley Regional Medical Center for symptoms of drug withdrawal. (Tr. 332). The records indicate Plaintiff takes excessive amounts of Valium and Vicodin and was also diagnosed as having alcohol abuse problems. (Tr. 332). Plaintiff was

5

discharged with instructions to pursue further detoxification treatment.  (Tr. 333).

The ALJ found, when considering all of Plaintiff's impairments including drug and alcohol, Plaintiff had marked limitations in social functioning, maintaining attention and concentration, and understanding, remembering and carrying out simple job instructions.  The ALJ found Plaintiff did not have the emotional stability needed to engage in substantial gainful activity.  Consequently, the ALJ found Plaintiff disabled within the meaning of the Social Security Act.

Under Public Law 104-121, the Contract with America Advancement Act of 1996, Title 42 U.S.C.§ 1382c(a)(3)(J) was amended to include provisions for disability benefits when drug addiction or alcoholism is a contributing factor material to the determination of an individual's disability.  Pursuant to this provision, if after eliminating consideration of the symptoms related to alcohol or drug use, the Plaintiff does not meet the statutory definition of being disabled, the alcohol or drug use is considered material and benefits may not be paid.

The burden of proving that drug addiction or alcohol abuse is not a contributing factor material to a disability determination is on the Plaintiff.  *See Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).  In this case Plaintiff has not met this burden.  Substantial evidence supports the ALJ's finding of Plaintiff's drug and alcohol use being a factor material to his disability and substantial evidence supports the ALJ's  finding that if not for Plaintiff's drug and alcohol abuse he would not be disabled within the meaning of the Act.

The ALJ also reviewed Plaintiff's complaints of back problems and arthritis.  Plaintiff was seen at the Wadley Regional Medical Center Emergency Room  on several occasions between 2003 thru 2005 where he gave a past medical history of degenerative disc disease. (Tr. 359, 368, 371, 383,

387, 392, 397, 403, 408, 418, 426).  A MRI taken on January 30, 1996 did show degenerative disc disease of the cervical area at C5-6, but no herniation was found.  (Tr. 166).  However, Plaintiff had a completely normal orthopedic exam with normal ranges of motion during his September 1, 2004 general physical exam taken at the Prescott Family Clinic.  (Tr. 290-291).

Plaintiff also alleged disability based on carpel tunnel syndrome.  Plaintiff testified on April 13, 2006 that he has been diagnosed with carpel tunnel syndrome since 1985.  (Tr. 531).  Plaintiff indicated he has not had surgery for this condition.  (Tr. 531).  Plaintiff also testified he has difficulty holding things in his hands.  Plaintiff had general physical exam taken at the Prescott Family Clinic on September 1, 2004.  (Tr. 287-293).  During this exam, Plaintiff had a normal limb function exam, including a finding of 100% grip strength for both hands and normal range of motions in both hands.  (Tr. 290-291).  Plaintiff was seen at the Wadley Regional Medical Center Emergency Room  on several occasions between 2003 thru 2005 where he gave a past medical history of carpel tunnel syndrome.  (Tr. 359, 362, 369, 371, 383, 387, 397, 402, 404, 408, 418).  However, there are no records establishing this diagnosis, nor are there records showing treatment for this condition.

The medical records of Plaintiff demonstrate Plaintiff has had no regular treatment for his alleged medical conditions and the treatment he has received since his alleged disability onset date has been conservative in form with no surgical intervention or other aggressive forms of treatment.  *See Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (ALJ may discount subjective complaints based on a failure to pursue regular medical treatment).  Furthermore, the medical records show no physician imposing or suggesting any restrictions on his physical activities due to any diagnosed back problem, carpel tunnel syndrome, or other physical impairment.

In determining Plaintiff's RFC, the ALJ did not completely disregard Plaintiff's back pain complaints. The ALJ did find Plaintiff's back complaints prevented him from lifting heavy weights. (Tr. 19). However, the ALJ also found Plaintiff capable of performing light work activity. Substantial evidence supports these finding by the ALJ and also support his RFC determination.

## B. Credibility of Plaintiff's Complaints of Pain

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.   The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In this case, the ALJ did not simply discredit Plaintiff's subjective complaints without explanation. The ALJ properly applied the factors enumerated in *Polaski*, and determined based upon the record as a whole, Plaintiff's complaints were not credible to the extent alleged.

The ALJ reviewed Plaintiff's daily activities and found them to be inconsistent with the medical findings.  (Tr. 19).  The ALJ further found Plaintiff had no significant limitations in performing daily activities when he abstains from the use of drugs and alcohol.  (Tr. 19).

The ALJ also considered Plaintiff's medication usage.   The ALJ found Plaintiff was only treated on a conservative basis and no surgery or other invasive treatment was recommended.  (Tr. 19).

As for aggravating factors and functional limitations, the Plaintiff testified he can only sit for five to fifteen minutes, walk one block, stand for twenty minuets, and can only lift a gallon of milk. (Tr. 536-538).  However, the ALJ discounted this testimony based on the fact no treating physician

had put these types of limitations on Plaintiff.  (Tr. 19).

The ALJ also considered and discussed the objective medical evidence concerning Plaintiff's back pain.  (Tr. 19).  The medical findings do not support Plaintiff's claim of total disability. Although Plaintiff has been diagnosed with degenerative disc disease, no physician imposed any restriction on his physical activities due to any diagnosed back or other physical impairment.  This lack of objective medical evidence in support of Plaintiff's subjective complaints of disabling pain is one important factor for the ALJ to consider when evaluating Plaintiff's credibility.  *See Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999).  Furthermore, Plaintiff had a completely normal orthopedic exam with normal ranges of motion during his September 1, 2004 general physical exam taken at the Prescott Family Clinic.  (Tr. 290-291).

I find substantial evidence to support the ALJ's credibility determination regarding Plaintiff's subjective complaints and the ALJ performed a proper analysis of the factors set forth in *Polaski.*

## 4. Conclusion:

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ.  Accordingly, the Commissioner's decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **5th day of February 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE